JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
The appellant, Donald Richard, Jr., appeals pro se from the trial court's order denying his petition for post-conviction relief, pursuant to R.C. 2953.21 and 2953.23, seeking review of the conviction and sentence resulting from his guilty pleas in CR 354203 and CR 354572. For the reasons set forth below, we affirm the decision of the trial court.
Between September 1997 and January 1998, Richard was indicted by the Cuyahoga County Grand Jury in three separate cases. He was first indicted in CR 354572 on two counts of felonious assault, pursuant to R.C. 2903.11, each with a police officer specification. He was next indicted in CR 354203 for receiving stolen property, pursuant to R.C. 2913.51. The third indictment arose in CR 358885 wherein Richard was indicted for attempted murder, pursuant to R.C. 2903.02 and 2923.02, with firearm and repeat violent offender specifications. The instant petition concerns this third case.
On May 29, 1998, the appellant's attempted murder trial in CR 358885 commenced. During the course of trial, the appellant entered into plea negotiations with the state which resulted in a plea agreement. As part of the plea agreement, the state modified the felonious assault charge in CR 354572 to attempted felonious assault and deleted the peace officer specifications. The state further amended the charge of receiving stolen property in CR 354203 to attempted receiving stolen property. On June 3, 1998, the appellant withdrew his not guilty plea in CR 358885 and entered a plea of guilty to attempted murder, with firearm and repeat violent offender specifications, and he further plead guilty to the amended charges in CR 354572 and CR 354203.
The appellant subsequently appealed his attempted murder conviction and sentence as it extended to the sentencing for firearm specifications in CR 358885, which this court affirmed in State v. Richard (October 28, 1999), Cuyahoga App. No. 74815, unreported, 1999 Ohio App. LEXIS 5082. The appellant additionally appealed his plea and conviction from CR 3858885 in its entirety, which this court affirmed in State v. Richard
(November 10, 1999), Cuyahoga App. No. 74814, unreported, 1999 Ohio App. LEXIS 5295.
On January 5, 2001, the appellant filed with the trial court a motion for post conviction relief from his attempted murder conviction in CR 358885. The motion was subsequently denied on June 15, 2001 with findings of facts and conclusions of law.
The appellant now appeals the trial court's denial of his motion for post conviction relief and asserts the following assignments of error:
 I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN RENDERING ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE ISSUE OF TIMELINESS, WHICH ARE NOT SPECIFIC, CLEAR, COMPLETE, COMPREHENSIVE, PERTINENT TO THE ISSUE AND DO NOT RESPOND TO ALL MATERIAL OR DETERMINATIVE ISSUES, WHERE THE EVIDENCE, "LOPEZ'S AFFIDAVIT", WAS NOT DISCOVERABLE UNTIL MAY 3, 2000, WHICH APPELLANT DEMONSTRATED BY AFFIDAVIT THAT HE WAS "UNAVOIDABLY PREVENTED" FROM DISCOVERING THE FACTS SHOWING THAT "LOPEZ" IS THE SUSPECT/DRIVER/SHOOTER, IN THIS CASE, AS VERIFIED IN THE POLICE REPORT DATED SEPTEMBER 14, 1997, WHICH CONSTITUTES A BRADY VIOLATION AND BREACH OF CONTRACT FOR AFTER DISCOVERY FRAUD.
 II. THE TRIAL COURT DENIED THE APPELLANT DUE PROCESS OF LAW DUE TO ABSOLUTE BIAS AND PREJUDICE SHOWN TOWARD APPELLANT IN THESE PROCEEDINGS.
 III. THE TRIAL COURT ABUSED ITS DISCRETION AND/OR COMMITTED ERROR WHEN IT MADE CONTACT WITH APPELLANT'S WITNESS WITHOUT APPELLANT'S KNOWLEDGE, OR THE TRIAL COURT SERVING NOTICE OF THE PREJUDICIAL CONTACT UPON APPELLANT'S COUNSEL, OR PERMITTING APPELLANT OR HIS COUNSEL TO PARTICIPATE IN THE INCIDENT.
 IV. THE TRIAL COURT COMMITTED ERROR AND/OR ABUSED ITS DISCRETION WHEN IT APPLIED STATE V. CALHOUN (1999), 86 OHIO ST.3d 279, WHERE THE TEST FOUND IN CALHOUN WAS NOT ADEQUATELY APPLIED TO APPELLANT'S AFFIDAVITS ATTACHED TO HIS POST-CONVICTION PETITION. (I.E., THE AFFIDAVIT OF LOPEZ, APPELLANT, AND PRIVATE INVESTIGATOR WHO IS AN EXPERT WITNESS).
Appellant contends in his first assignment of error that the court erred in making its findings of fact and conclusions of law regarding the timeliness for filing a petition for post conviction relief.
R.C. 2953.21(A)(2) provides in pertinent part:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
In the instant case, the appellant entered a plea of guilty on June 3, 1998 to attempted murder, with firearm and repeat violent offender specifications, and was sentenced. Appellant's trial court transcript was filed in the Court of Appeals on July 2, 1998. According to the statute and the transcript filing date, in order for the appellant's petition for post conviction relief to be timely, it should have been filed by January 2, 1999. Instead, the appellant did not file his petition with the trial court until January 3, 2001. The appellant's petition is therefore untimely pursuant to R.C. 2953.21.
Even though the appellant's petition was not timely filed in this case, the trial court can still consider the petition if it complies with the requirements of R.C. 2953.23.
R.C. 2953.23 states:
 Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence.
This reviewing court has already determined in State v. Corbin
(December 30, 1999), Cuyahoga App. No. 75627, unreported, 1999 Ohio App. LEXIS 6386, that unless both of the above exceptions apply, the trial court has no jurisdiction to consider an untimely filed petition for post-conviction relief. Id. at 7, citing State v. Halliwell (July 29, 1999), Cuyahoga App. No. 75986, unreported; State v. Furcron,
1999 Ohio App. LEXIS 488 (February 17, 1999), Lorain App. No. 93CA007089, unreported.
A review of the record and of the affidavits presented by the appellant all fail to demonstrate that he was "unavoidably prevented" from discovering this new information. The appellant has not demonstrated how he was prevented from obtaining the testimony of Reggie Lopez who, according to affidavits in the record, was driving the vehicle in which the appellant was riding on the night of the shooting. Lopez was available to the appellant at the time of his trial, as was his testimony, whether in favor of the appellant or against.
Appellant's first assignment of error is without merit. Because the appellant failed to satisfy the requirements of R.C. 2953.23, the trial court lacked jurisdiction to hear his untimely post-conviction petition. Accordingly, appellant's remaining assignments of error are rendered moot.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., AND KENNETH A. ROCCO, J., CONCUR.